JOSEPH P. WING, plaintiff in error, vs. ELIJAH J. STARR, defendant in error.

It is competent for the Supreme Court to order the judgment below to be modified so as to meet the justice of the case, the parties at the hearing being present by their counsel, and agreeing thereto.

*Habeas Corpus.* In Richmond Superior Court. Decided by Judge HOOK. April Term, 1864.

*Habeas corpus* was sued out by Wing against Starr, who, as enrolling officer, held him in custody upon a charge of desertion from camp Randolph, one of the camps of instruction. The arrest was made in pursuance of orders from the commandant of the camp. Wing had been detailed as an overseer, and his detail, as it would seem, had expired or been revoked. He asserted his non-liability to *general* military service, upon two grounds : 1st, because he was over forty-five years of age, and 2d, because he was permanently disabled by rheumatism.

At the hearing, he proved by one witness that he suffered from rheumatism ; by another, that he was quite lame from it, and permanently so ; and by a third, who was a physician, that he suffered from severe rheumatism, and that a person afflicted in that way was unfit for field service. His own statement (which was heard by consent of parties,) was that he was permanently lame from it.

Upon the subject of his age, he stated that there was no family record, but that he was over forty-five at the hearing, and was so in the spring of 1863, to the best of his knowledge and belief ; and that at the time he was ordered to camp, he was uncertain about his age, and not prepared to swear to it. One of his school-mates testified that he believed him to be forty-six at the hearing, and over forty-five a year previously ; another witness, who had known him from twenty to thirty years, swore, that to the best of his knowledge, he was forty-seven or forty-eight ; another, who had known him some forty years, stated, that to the best of his judgment, he was about forty-six, that he believed him to be that, and that there was no family record ; another, who had known him twenty-two years, and who was, himself, forty-two, thought him forty-six, the witness judging from his own age ; and another, who first knew him in 1821 or 1822, when he was some three or four years old, said he was about forty-six, to the best of his belief and recollection. This witness further testified that he knew of no record, and that Wing's parents could not write.

Whether any of the witnesses were related to Wing, did not appear: none of them bore the family name.

The Court remanded him to the custody of the enrolling officer, and that was the ruling complained of.

In the Supreme Court the case was not argued, counsel for the parties agreeing to let the judgment of the Court below be so modified, as that the plaintiff in error should be assigned to light duty, and, with that modification, that it stand affirmed.

HILLIARD, for the plaintiff in error.

FRANK H. MILLER, for the defendant.